*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* H. P. CHANEY, Minor.

UNPUBLISHED
March 28, 2024

No. 367127
Macomb Circuit Court
Family Division
LC No. 2021-000216-NA

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court's order terminating his parental rights to his minor child, HPC, under MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

## I. FACTS

Respondent was in prison when this child protective proceeding was initiated in September 2021. At that time, respondent's wife, K. Burgess, an admitted drug user, had custody of their two children, HPC and JRC. The police responded to Burgess's home when JRC was found unresponsive after having ingested an unknown substance. JRC was taken to the hospital where she tested positive for fentanyl exposure.[1] Petitioner requested termination of respondent's and Burgess's parental rights at the initial dispositional hearing.

Following an adjudication trial in November 2021, the trial court assumed jurisdiction of the children and also found that statutory bases warranting termination of the parents' parental rights had been established, but found that petitioner failed to establish that termination of respondent's and Burgess's parental rights was in the children's best interests. Accordingly, the trial court afforded respondent and Burgess an opportunity to participate in services and achieve reunification.

---

[1] JRC recovered from the drug exposure, but later died of unrelated causes and is not the subject of this appeal.

-1-

Respondent was ordered to participate in a parent-agency agreement (PAA), which required that he complete a psychological evaluation, participate in individual therapy, mental health services, and parenting classes, maintain suitable housing, provide verification of legal income, and participate in parenting time with HPC. Respondent was not able to fully participate in services until May 2022, when he was released from prison. Thereafter, respondent's compliance with services was inconsistent and he failed to benefit from the services. He was involved in incidents of domestic violence, drove his vehicle while under the influence of alcohol, did not consistently participate in drug screening, and did not participate in individual therapy. Respondent's visits with HPC were inconsistent and he was unsuccessful in forming a healthy parent-child bond with HPC. Respondent had two other children who were court wards in a separate child protection proceeding and respondent's attention and focus throughout this time was directed primarily to the other two children.

In April 2023, petitioner filed a supplemental petition requesting termination of respondent's and Burgess's parental rights to HPC under MCL 712A.19b(3)(c)(*i*), (g), and (j). Burgess, who was noncompliant with her PAA, agreed to voluntarily release her parental rights to HPC. Following a contested termination hearing, the trial court found that clear and convincing evidence supported termination of respondent's parental rights to HPC under the requested statutory grounds, and also found that termination of respondent's parental rights was in HPC's best interests. Respondent now appeals.

## II. DISCUSSION

## A. STATUTORY BASIS

Respondent contends that the trial court erred by finding that petitioner established statutory bases for termination of his parental rights by clear and convincing evidence under MCL 712A.19b(3)(c)(*i*), (g), and (j). We disagree.

We review for clear error the trial court's factual findings and the trial court's determination that a statutory basis to terminate parental rights was proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). A trial court's decision is not clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). In addition, we afford the trial court's dispositional orders "considerable deference on appellate review." *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014).

To terminate parental rights, the trial court must find that at least one statutory basis for termination under MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Sanborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021). Termination may be warranted under more than one statutory basis, but only one basis under MCL 712A.19b(3) must be established by clear and convincing evidence to warrant termination of parental rights. *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), which permit termination of parental rights under the following circumstances:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Termination of parental rights under MCL 712A.19b(3)(c)(*i*) is warranted when "the totality of the evidence amply supports" the finding that the parent has not achieved "any meaningful change in the conditions" that led to the trial court assuming jurisdiction of the child. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). In this case, the record supports the trial court's finding under MCL 712A.19b(3)(c)(*i*) that more than 182 days had elapsed after the issuance of the first dispositional order, the conditions that led to the adjudication continued to exist, and there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the child's age.

Here, the conditions that led to adjudication were respondent's substance use, criminality, housing instability, mental health instability, and failure to participate in a previous parent-agency agreement. HPC had been involved in a prior child protective proceeding, and respondent had failed to comply with the requirements of his earlier PAA. After his release from incarceration, petitioner created a new PAA for respondent wherein he was required to complete a psychological evaluation, participate in mental health services, individual therapy, and parenting classes, maintain suitable housing, provide verification of legal income, and participate in visitation with HPC.

Respondent missed the initial two appointments for a psychological evaluation. After participating in a mental health evaluation, respondent was directed to participate in individual counseling but did not comply. Respondent continued to engage in criminality after his release from prison. He was involved in domestic violence with a former partner and was the subject of a no-contact order, he sideswiped another vehicle while driving intoxicated, and attacked a friend who was a passenger in his car. When the police responded, respondent threatened to harass the family members of the police officers. Respondent did not consistently participate in required drug screens and routinely tested positive for marijuana use.

At the time of the termination hearing, HPC was approximately three years old. Respondent was homeless; he was ordered to leave the home of his previous partner as the result of domestic violence, and thereafter lived with his mother until her home was condemned. Respondent testified that he was employed working construction, but did not provide verification of his employment. Respondent did not regularly visit with HPC, and during visits generally left HPC's care to his mother.

In sum, one year after respondent was released from prison, he continued to lack housing, continued his involvement with domestic violence and violations of the law, continued substance use, had failed to verify his employment, and had failed to address his mental health issues. We conclude that the trial court did not clearly err by finding that the conditions that led to the adjudication continued to exist and, considering HPC's age and respondent's lack of progress, were not reasonably likely to be rectified within a reasonable time. MCL 712A.19b(3)(c)(*i*).

For the same reasons, the trial court also did not err by determining that termination of respondent's parental rights was warranted under MCL 712A.19b(3)(g). The record supports the trial court's finding that respondent failed to provide the child with proper care and custody despite having the financial ability to do so and that there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time considering the child's age. A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide proper care and custody in the future. *In re Kaczkowski*, 325 Mich App 69, 77; 924 NW2d 1 (2018). The same evidence also supports the trial court's finding that HPC is reasonably likely to be harmed if returned to respondent's care, MCL 712A.19b(3)(j).

## B. BEST INTERESTS

Respondent contends that the trial court clearly erred by finding that termination of his parental rights was in HPC's best interests. We disagree.

When a statutory basis for termination of parental rights has been established, the trial court is required to terminate the parent's parental rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). At the best-interest stage, the focus is on the child, not the parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). We review for clear error the trial court's decision regarding a child's best interests. *Id*.

When determining whether termination is in a child's best interests, the trial court is required to weigh all evidence available to it, considering a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). The trial court also should consider the child's safety and well-being, including the risk of harm to the child if returned to the parent's care. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). The trial court also is required to consider a child's placement with a relative when determining the

-4-

best interests of a child, which is a factor that weighs against termination. *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015).

In this case, the trial court considered HPC's placement with respondent's sister, and considered respondent's suggestion of a guardianship with his sister in lieu of terminating his parental rights. The trial court found that respondent's sister would not consider guardianship due to ongoing conflict with respondent. The record also indicates that respondent did not participate consistently in his PAA and did not benefit from the services in which he participated, and that respondent was unwilling to recognize HPC's continued need for services to address her past trauma and behavioral issues. Contrary to respondent's assertion on appeal, the record does not indicate that the trial court gave undue weight to the fact that he was still married to Burgess, which the court found weighed against preserving his parental rights. His marriage to Burgess was only one of several factors considered by the trial court, which did so in the context of observing that respondent failed to distance himself from Burgess, who had failed to comply with her PAA before voluntarily releasing her parental rights to HPC. The evidence otherwise showed that HPC, who was three years old at the time of termination, had spent much of that time in the care of her aunt, who was meeting all of HPC's needs. HPC had formed positive relationships with her aunt's family and the aunt was willing to adopt HPC and thereby provide her with an opportunity for permanency and stability, which she was unlikely to achieve with respondent. Accordingly, the trial court did not clearly err by finding that termination of respondent's parental rights was in HPC's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

-5-